**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SHERMAN LYNELL THOMAS,**

      **Plaintiff,**

**vs.**                            **Case No. 4:09cv1-SPM/WCS**

**I.B.E.W., and
JOSEPH L. ADAMS,
AND THOMAS L. JOHNSON,,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

The *pro se* Plaintiff initiated this action on January 2, 2009, doc. 1, and then filed a second amended complaint, doc. 12, on April 6, 2009. It was that version of the complaint that was served on the three Defendants: International Brotherhood of Electrical Workers (I.B.E.W.), Joseph L. Adams, and Thomas L. Johnson. Defendant I.B.E.W. filed an Answer on June 18, 2009, doc. 32, the other two Defendants filed a motion to dismiss, doc. 33. Plaintiff was directed to file his memorandum in opposition, doc. 36, and Plaintiff's response was timely filed. Doc. 37. Although Plaintiff has previously been cautioned that a response in opposition to a motion should not be filed as a "motion" to deny another party's motion, docs. 30 and 34, Plaintiff has again titled

his response as a "motion in opposition to dismiss and counsel appointment." Doc. 37.
It is not a motion and will be considered solely as Plaintiff's response in opposition.

**Allegations of the Second Amended Complaint**

Plaintiff has alleged that he suffered discrimination by the Defendants on the
basis of his race, and that he was retaliated against for contacting O.S.H.A. and
reporting safety violations by his employer. Doc. 12, p. 3. Plaintiff claims that
Defendants discriminated against him when his employment was terminated and
Defendants failed to promote him. *Id.* Plaintiff filed charges with the EEOC and Florida
Commission on Human Relations on October 24, 2007, and then filed this action under
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. *Id.*, at 3-4.

Defendant Johnson is the attorney for I.B.E.W., and Defendant Joe Adams is the
Business Manager for I.B.E.W. *Id.*, at 5. Defendant Thomas allegedly failed to contact
O.S.H.A. on Plaintiff's behalf, to produce company documents, to defend against
disparate actions taken with a white union member, to contact the NLRB as Plaintiff
"insisted" and compel Progress Energy to produce certain records, and to zealously
defend Plaintiff and act as his attorney in Plaintiff's "first termination." Doc. 12, pp. 4-5.

Defendant Adams is alleged to have failed to fully and equally act as Union
Business Manager in the grievance process, failed to afford Plaintiff union counsel,
provide information to Plaintiff concerning Plaintiff's seniority, to inquire as to why
Plaintiff was suspended for four months, to investigate a "bogus" trespass warning, to
honor Plaintiff's request to seek the involvement of O.S.H.A., to be consistent in what
would be involved in the arbitration, and breached a contract to represent Plaintiff at

arbitration, which Plaintiff contends violated his due process and equal protection rights. *Id.*, at 6.

**Motion to Dismiss**

Defendants Johnson and Adams move to dismiss the complaint against them on the basis that it is not proper to name individuals as Defendants under 42 U.S.C. § 2000e-16(c). Doc. 33. Defendants argue the law is clear that relief under Title VII comes from the employer, not the employees and, thus, there is no individual responsibility under Title VII. *Id.*, at 2.

Plaintiff's response, doc. 37, does not address the issues raised in the motion. Plaintiff fails to present any basis for maintaining this action against the two individuals named as Defendants.

**Analysis**

Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for a labor organization . . . . to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin . . . ." 42 U.S.C.A. § 2000e-2(c). It has been long established that relief pursuant to Title VII is against the employer, not individual employees. Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006); Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Furthermore, a Union may be held liable for the actions of union officers. Woods v. Graphic Communications, 925 F.2d 1195, 1201 (9th Cir. 1991); *cited in* Agosto v. Correctional Officers Benev. Ass'n, 107 F.Supp.2d 294 (S.D.N.Y. 2000). There is no need to name individual union officers as defendants in a Title VII case

because any relief due the plaintiff will be from the union.  The motion to dismiss the second amended complaint as to Defendants Johnson and Adams should be granted. This case should proceed solely against Defendant I.B.E.W.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 33, be **GRANTED** and Plaintiff's second amended complaint, doc. 12, be **DISMISSED** as to the individual Defendants, Joseph I. Adams and Thomas L. Johnson, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 8, 2009.


 s/      William C. Sherrill, Jr.           
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**